IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| Dominique Murray | ) | |
| | ) | NO: 08-16126 |
| Debtor. | ) | Hon. Jack B. Schmetterer |

| | | |
|---|---|---|
| Dominique A. Murray, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No: 09-ap-01151 |
| | ) | |
| US Bank NA, | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On November 9, 2009, the Complaint of Dominique Murray, the Plaintiff in this adversary action and the debtor in a voluntary bankruptcy case before this Court, came before this Court for hearing upon proper notice. This Court, having reviewed and considered the Complaint and Exhibits thereto and being otherwise fully advised in the premises, and having entered an Order of Default on February 16, 2010, now makes and enters the following Findings of Fact and Conclusions of law and separately enters judgment in favor of the Plaintiff in this matter.

## FINDINGS OF FACT

1.  Plaintiff is the owner of an improved parcel of residential real estate ("Real Estate") commonly known as 680 North Green Street, Unit 509, Chicago, Illinois, 60622, and legally described as follows:

> PARCEL 1: UNIT 509 IN THE VERDE CONDOMINIUMS
> TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN
> THE COMMON ELEMENTS IN THE VERDE CONDOMINIUMS AS

DELINEATED AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NO. 99039353 IN BLOCK 10 IN REDGELEY'S ADDITION TO CHICAGO IN THE NORTHEAST ¼ OF SECTION 8, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE 3RD PRINCIPAL MERIDIAN IN COOK COUNTY, ILLINOIS.

PARCEL 2: THE EXCLUSIVE RIGHT TO USE PARKING SPACE P-26, A LIMITED COMMON ELEMENT, AS DELINEATED ON THE SURVEY ATTACHED TO THE DECLARATION AFORESAID RECORDED AS DOCUMENT NO. 99039353, SITUATED IN COOK COUNTY, ILLINOIS.

PIN: 17-08-222-020-1049

2. The Real Estate is the Plaintiff's principal residence.

3. An appraisal was conducted by Precision Appraisals and a copy of said appraisal was attached to the Complaint. The appraisal states that the fair market value of the Real Estate is $283,000.

4. CitiMortgage Inc. holds a first mortgage lien on the Real Estate and as of the date of confirmation of the Plaintiff's Chapter 13 Plan there was due and owing on said mortgage at least the amount of $209,285.87.

5. CitiMortgage, Inc. holds a second mortgage lien on the Real Estate and as of the date of confirmation of the Plaintiff's Chapter 13 Plan there was due and owing on said mortgage at least the amount of $91,334.24.

6. As of the date of confirmation of the Plaintiff's Chapter 13 Plan, the amounts due and owing on the first mortgage lien and the second mortgage lien totaled at least $300,620.11, which amount exceeds the value of the Real Estate.

7. The Defendant holds a mortgage lien on the Real Estate which is subordinate to the liens of CitiMortgage Inc., in the amount of $240,500 and recorded in the Office of

the Cook County Recorder of Deeds under Recording number 0501147120 and thereafter modified and re-recorded on May 19, 2006.

8.      The Defendant's mortgage was secured by additional real estate that is not the Plaintiff's principal residence and which is located at 3015-3017 North Ashland Avenue, Chicago, Illinois.

9.      The Plaintiff's Chapter 13 Plan was confirmed on January 21, 2009, without objection by the Defendant, and provides with regard to US Bank NA: "Debtor is surrendering the real property located at 3015-3017 North Ashland Avenue, Chicago, to US Bank, NA in full satisfaction of its' claims" and "Debtor will avoid the wholly unsecured mortgage lien on the real property located at 680 North Green Street, Chicago, by way of adversary proceeding."

## CONCLUSIONS OF LAW

1.      Jurisdiction lies under 28 U.S.C. §1334(b) to adjudicate, approve and enforce the Debtor's effort by Chapter 13 Plan to determine through confirmation and completion of such Plan that the Defendant's junior mortgage debt will no longer be secured.

2.      This is a core proceeding under 28 U.S.C. §157(b)(2)(k) to determine the validity of a lien and is a proceeding to value the Defendant's claim under Bankruptcy Rule 3012.

3.      Pursuant to 11 U.S.C. §1332, a lien upon residential real estate which is the debtor's principal residence cannot ordinarily be modified. A wholly unsecured lien can however be avoided and cancelled and may thereafter be eliminated through a Chapter 13 Plan. See First Bank Inc. v. Van Wie, 2003 WL 1563959 (S.D. Ind.2003). Under §1322, there cannot be any equity securing the lien at the time of valuation, and the lien must be wholly unsecured to be avoided and cancelled. At the time of confirmation of the

Debtor's Chapter 13 Plan, the amounts due and owing on the first and second mortgage liens exceeded the value of the Real Estate; therefore, the Defendant's mortgage lien is wholly unsecured and may be avoided and cancelled.

4. The Defendant's lien has been proven to be wholly unsecured and, pursuant to 11 U.S.C. §506, can be cancelled upon successful completion of the Debtor's Chapter 13 case.

5. The secured claim of the Defendant against the Real Estate located at 680 North Green Street, Unit 509, Chicago, Illinois, 60622, is valued at zero.

6. The Plaintiff is entitled to an Order declaring that, upon successful completion of the Debtor's Chapter 13 Plan and entry of debtor's discharge, the lien of the Defendant will be rendered null and void. The Court retains jurisdiction to enter orders in aid of this judgment after the debtor's discharge.

Date: 3/11/10

MAR 11 2010

ENTER: _____
United States Bankruptcy Judge